

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–577

|  |  |
|---|---|
| MICHAEL HUNTER | **Opinion Delivered** September 14, 2016 |
| APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. CR–13–60] |
| V. |  |
| STATE OF ARKANSAS | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

Michael Hunter appeals his conviction for engaging in a continuing criminal enterprise following a bench trial in the Columbia County Circuit Court. On appeal he argues that the State failed to prove beyond a reasonable doubt that he engaged in a continuing criminal enterprise and that the circuit court abused its discretion during the sentencing phase of the trial. We cannot reach the merits of his appeal because the record doesn't comply with Arkansas Supreme Court Administrative Order No. 4(a) (2015). We therefore remand the case to the circuit court to settle and supplement the record; and we order Hunter to file a substituted brief after a supplemental record has been filed.

The record now before us has several compact discs. One CD contains State's Exhibits 5 and 9, which are recorded telephone calls. A separate CD is labeled State's Exhibit 6 and State's Exhibit 8, but that CD is blank, meaning it contains no information.

SLIP OPINION

In late January 2016, a third CD was filed as a supplement to the record. The third CD contains a usable reproduction of State's Exhibit 6. But it doesn't contain a usable reproduction of State's Exhibit 8. On remand, the record needs to be supplemented with a usable reproduction of State's Exhibit 8.

Moving past the CD issue, the record also lacks a verbatim transcript of the audio component of the State's Exhibits 5, 6, 8 and 9. So the record currently before us doesn't comply with Arkansas Supreme Court Administrative Order No. 4(a), which provides that

> [u]nless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings, including any communications between the court and one or more members of the jury, pertaining to any contested matter before the court or the jury.

Because the record as it now sits contains neither a verbatim transcript of recorded material played during trial, nor a waiver, we must remand the case to the circuit court so it may settle the record and direct the court reporter to transcribe all recordings that were played during Hunter's trial.

The record must be supplemented within 30 days of this order's date and, after the supplemental record has been filed, Hunter must file a substituted brief that complies with our abstracting and addendum requirements within 15 days after the supplemental record has been prepared and filed with this court's clerk. *See* Ark. Sup. Ct. R. 4–2(a)(5), (8)(b)(3). The State should then, if it chooses to respond to Hunter's substituted brief, file an appellee's substituted brief within 15 days of the filing of Hunter's brief.

Remanded to settle and supplement the record; rebriefing ordered.

GLOVER and VAUGHT, JJ., agree.

*Terrence Cain*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.

2